IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JULIE A. NAGEL,<br><br>    Plaintiff,<br>vs.<br><br>JO ANNE B. BARNHART<br>Commissioner of the Social Security<br>Administration,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER ON ADMINISTRATIVE APPEAL**<br><br>Case No. 2:05CV00669 DS<br><br>Judge David Sam |

Plaintiff, Ms. Julie A. Nagel, appeals the denial of her claims for Disability Insurance Benefits and Supplemental Security Income by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). For the reasons outlined below, the Commissioner's decision is REVERSED and REMANDED.

## I. STANDARD OF REVIEW

The Commissioner's decision is reviewed to determine whether the factual findings are supported by substantial evidence and whether the relevant legal standards were correctly applied. Daniels v. Apfel, 154 F.3d 1129 (10th Cir. 1998), citing Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a mere scintilla but less than a preponderance. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389 (1971).

## II. DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining disability. The five steps are: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment; (3) whether the impairment meets or equals the criteria for an impairment listed in Appendix 1 of 20 C.F.R. Subpt. P; (4) whether the impairment prevents the claimant from performing her past relevant work; and (5) whether the impairment prevents the claimant from performing other work. The burden is on the Plaintiff to meet the first four steps. However, if Plaintiff does meet all four, the burden shifts to the Commissioner to establish that there are other jobs existing in a significant number in the national economy which Plaintiff is capable of performing.

In the present case, the Commissioner, through the written decision of the ALJ, held Ms. Nagel had not engaged in substantial gainful activity since the date she alleged she became disabled (January 19, 2001), and that she suffers from severe impairments. (Tr. 24). The ALJ held that Ms. Nagel's conditions do not meet or equal a Listings impairment. (Tr. 24). The ALJ also held that Ms. Nagel cannot return to any of her past relevant work. (Tr. 25). At step five, the ALJ found Ms. Nagel "not disabled" on the basis that she could return to work at other jobs. (Tr. 25).

The ALJ's findings at steps one through three are not disputed in this appeal. The ALJ's conclusions at steps four and five are disputed. Specifically, Ms. Nagel raises the following issues: (1) that the ALJ failed to properly consider the opinions of Ms. Nagel's treating physicians, and (2) that the ALJ unjustifiably relied on the testimony of the vocational expert at

the hearing by not asking if the vocational expert's testimony was consistent with the Dictionary of Occupational Titles, and therefore failed to prove that there were jobs Ms. Nagel could do that existed in significant numbers in the national economy.

First, as just noted, Ms. Nagel argues that the ALJ did not properly consider the opinions of her treating physicians, Drs. Robert Taylor and Scott Stevens. I agree.

The opinion of a treating physician is entitled to great weight and the Commissioner must provide "specific, legitimate reasons" for rejecting a physician's opinion. See Miler v. Chater, 99 F.3d 972 (10th Cir. 1996); Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987). Those reasons "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Social Security Ruling 96-2p "Giving Controlling Weight to Treating Source Medical Opinions" (on the web at www.ssa.gov/OP_Home/rulings). Bare conclusions are "beyond meaningful judicial review." Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996). Furthermore, "[t]here are several specific factors the ALJ must consider, including:

(1) the length of the treatment relationship and the frequency of the examination;
(2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;
(3) the degree to which the physician's opinion is supported by relevant evidence;
(4) consistency between the opinion and the record as a whole;
(5) whether or not the physician is specialist in the area upon which an opinion is rendered; and
(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion."

Drapeau v. Massanari, 10 Fed. Appx. 657, 661 (10th Cir. 2001) quoting Goatcher v. U.S. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th cir. 1995) (emphasis added).

A treating physicians' opinion is given additional weight because they have had the opportunity to know their patient for an extended period of time and are experts in the field of medicine and in evaluating such things as test results and clinical findings and presentations. See 20 CFR §§ 404.1527(d). In addition, during this extended time, the treating doctor assesses such issues as credibility and symptom magnification. Medical doctors are trained to do such. A treating physician's opinion "reflects expert judgment based on continuing observation of patient's condition over a prolonged period of time." Williams v. Chater, 923 F.Supp. 1373, 1379 (D. Kan. 1996). The Commissioner's own regulations provide that "we will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527(d).

In Ms. Nagel's case, the ALJ failed to give adequate reasoning that would permit the court to review what weight the ALJ gave to the opinions of Drs. Taylor and Stevens. While the ALJ indicates that the opinion of Dr. Taylor was not entitled to controlling weight, it is not clear what weight was actually given to the opinions of Drs. Taylor and Stevens. The ALJ's statement that the opinion of Dr. Taylor is "not entitled to controlling weight and not the most persuasive evidence in the claimant's file" does not provide sufficient guidance as to what weight the ALJ gave the opinion of Dr. Taylor. There is no statement that would shed light on the weight given the opinion of Dr. Stevens.

Therefore, the Court REMANDS the case on this issue for a proper consideration of the weight given to Ms. Nagel's treating physicians.

Second, Ms. Nagel argues that the ALJ failed to establish whether the VE's testimony was consistent with the Dictionary of Occupational Titles. Because of this failure, she argues that the ALJ was not entitled to rely on the VE's testimony to deny disability benefits. I agree.

The Commissioner carries the burden at step five in the sequential evaluation to prove that there is competitive work available in significant numbers in the national economy that the claimant can perform, and if this burden is not met, disability is established. See Thompson, 987 F.2d at 1487. In Haddock v. Apfel, the Tenth Circuit Court of Appeals ruled that before an ALJ may rely on evidence from a VE to support a finding of non-disability at step five, the ALJ "must ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles (DOT), and elicit a reasonable explanation for any discrepancy on this point." 196 F.3d 1084, 1087 (10th Cir. 1999). Thereafter, Social Security Ruling 00-4p was promulgated, which explains that when a VE provides evidence about the requirements of a job or occupation, the ALJ has "an affirmative responsibility" to ask about any possible conflict between the expert's testimony and the DOT, and if the VE's testimony "appears to conflict with the DOT," to "obtain a reasonable explanation for the apparent conflict." SSR 00-4p, 2000 WL 1898704.

In Ms. Nagel's case, the ALJ did not ask the VE at the hearing whether his "testimony as to the exertional requirement of identified jobs corresponds with the DOT." Haddock, 196 F.3d at 1087. As such, the ALJ may not rely on the testimony of the VE to deny benefits to Ms. Nagel under step five of the sequential evaluation. Without the VE's testimony, the

Commissioner, through the decision of the ALJ, did not meet her burden of proving that there existed jobs in significant numbers in the national economy that Ms. Nagel could do.

Therefore, the Court also REMANDS the case on this issue for a proper consideration of the compatibility of the vocational expert's testimony with the Dictionary of Occupational Titles.

### III. CONCLUSION

Based upon the above analysis, IT IS HEREBY ORDERED that pursuant to sentence four of 42 USC § 405(g) the Commissioner's decision denying Ms. Nagel's applications for Disability Insurance Benefits and Supplemental Security Income is REVERSED and REMANDED for further administrative proceedings. IT IS FURTHER ORDERED that judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the United States Supreme Court's decision in Shalala v. Schaefer, 509 US 292, 296-302 (1993).

DATED this 7th day of November, 2006.

Judge David Sam
United States District Court