THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | | |
|---|---|---|
| JULIE A. NAGEL, | ) | Case No. 2:05CV669 DS |
| Plaintiff, | ) | |
| vs. | ) | |
| MICHAEL J. ASTRUE, commissioner of the Social Security Administration | ) | ORDER |
| | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

Plaintiff Julie Nagel initiated this action in August 2005, seeking judicial review of the final decision of the defendant, the Commissioner of the Social Security Administration, denying her claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. On November 7, 2006, the court ordered that this case be remanded to an administrative law judge of the Social Security Administration. Ms. Nagel is now petitioning this court, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (hereinafter "EAJA"), for an award of attorney's fees. The Court finds that the government's position was substantially justified and therefore, denies Ms. Nagel's petition.

## II. STANDARD OF REVIEW

Under the EAJA a party is entitled to attorney's fees if she is the prevailing party in the action, and if the position of the United States was not substantially justified. It is not disputed that Ms. Nagel is the prevailing party. The only remaining question is whether the position of the government was substantially justified.

The EAJA requires that a court award attorney's fees and other expenses to the prevailing party "unless the court finds that the position of the United States was substantially justified." The government bears the burden of showing that its position was substantially justified. The test for substantial justification in the 10th Circuit is "one of reasonableness in law and fact." *Gilbert v. Shalala,* 45 F.3d 1391, 1394 (10th Cir. 1995). The government's position may be substantially justified even when the government does not prevail in district court. The Sixth Circuit has held that "A reversal of the denial of benefits and a remand for further clarification does not automatically mean the Commissioner's decision to defend the ALJ's decision to deny benefits was unreasonable. *Anderson v. Commissioner of Social Security,* 198 F.3d 244 *4, 1999 WL 1045072 (6th Cir. 1999).

In *Stein v. Sullivan,* the ALJ failed to adequately articulate the evidence that he considered in arriving at his decision. The court found that the ALJ's failure to meet the articulation requirement, "in no way necessitates a finding the Secretary's position was not substantially justified." *Stein v. Sullivan,* 966 F.2d 317, 320 (7th Cir. 1992).

## III. ANALYSIS

In the present case, Ms. Nagel's entire argument on the substantial justification issue is as follows: "The Commissioner cannot satisfy [his] burden to demonstrate substantial justification because the Commissioner has conceded error in stipulating to the remand." The Court disagrees. The mere fact that the Commissioner conceded error and stipulated to the remand does not automatically necessitate a finding that his position was not substantially justified. The Commissioner, in his response to Plaintiff's request, provides adequate evidence to satisfy his burden of demonstrating substantial justification.

The Court, in remanding the case for further proceedings, found that the ALJ failed to explain what weight he gave to the opinions of two treating physicians, Drs. Taylor and Stevens, and failed to establish that a vocational expert's testimony was consistent with the *Dictionary of Occupational Titles* (*DOT*). The Commissioner recognizes that the ALJ's evaluation of Drs. Taylor and Stevens's opinion was not explained as thoroughly as it should have been. However, the Commissioner argues, and the Court agrees, that the ALJ's failure to adequately explain his conclusion does not necessary indicate that the government's position was not substantially justified. *See Anderson,* \*6 (finding "the ALJ's lack of adequate articulation did not establish that there was no reasonable basis for the ALJ's decision to deny benefits"), and *Stein,* at 320 ("[T]hat there was some contrary evidence that the [Commissioner] failed to consider, or at least failed to articulate that he considered" does not establish that the Commissioner's position was not substantially justified).

3

The ALJ's assessment of Plaintiff's residual functional capacity reflected a partial acceptance of Drs. Stevens's and Taylor's opinions. The ALJ found Ms. Nagel retained the capacity for only a limited range of sedentary work. Other than the reports of Drs. Taylor and Stevens, and Ms. Nagel's allegations regarding her limitations, no other evidence in the record supported finding such significant restrictions. Because no other evidence supported a restriction to a reduced range of sedentary work, an assignment of some weight to these doctors' opinions was implicit to the ALJ's assessment of Ms. Nagel's residual functional capacity. The fact that the ALJ did not explicitly quantify the weight he assigned to their opinions does not establish that the Commissioner's decision to defend this case was not substantially justified.

The Court also finds that the ALJ's failure to establish that the vocational expert's testimony was consistent with the *DOT* was harmless error. The vocational expert identified two jobs that Ms. Nagel could perform, given her residual functional capacity for a limited range of unskilled, sedentary work, and gave *DOT* references for each of the jobs. These jobs, touch-up screener and semi-conductor bonder, are classified in the *DOT* as sedentary and unskilled, which is consistent with the vocational expert's testimony. Ms. Nagel did not allege a specific inconsistency between the vocational expert's descriptions of those jobs and the *DOT*'s descriptions of them.

The ALJ's failure to ask the vocational expert at the hearing about any possible conflicts between the expert's testimony and the *DOT* was an error that required remanding the case for proper consideration of that issue. There is, however, no indication that there actually was a conflict or inconsistency between the expert testimony and the *DOT*. In spite of the remand, therefore, the government's defense of this case had a reasonable basis in law and fact.

4

## IV. CONCLUSION

Because the Court finds that the Commissioner's position in this case was substantially justified, Ms. Nagel is not entitled to an award of attorney's fees, and the Court hereby denies her petition for attorney's fees. We need not reach the issue of whether the amount of the fees requested were reasonable or excessive.

DATED this 3rd day of May, 2007.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT